IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EVANSTON INSURANCE COMPANY** | : | |
| as subrogee of **THOMAS J. D'AMICO AND** | : | |
| **BECKY F. D'AMICO** | : | |
| Ten Parkway North | : | Case No.: |
| Deerfield, IL  60015 | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| vs. | : | **JURY DEMANDED** |
| | : | |
| **TITEFLEX CORPORATION.** | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff, Evanston Insurance Company as subrogee of Thomas J. D'Amico and Becky F. D'Amico by and through its attorneys, as and for its Complaint against the Defendant, Titeflex Corporation, states as follows:

## THE PARTIES

1. Plaintiff, Evanston Insurance Company is an Illinois corporation with its principal place of business located at 10 Parkway North, Deerfield, Illinois 60015 and at all times material hereto is duly authorized to issue policies of property insurance in the State of Delaware.

2. Plaintiff's insureds, Thomas J. D'Amico and Becky F. D'Amico are the owners of the home located at 41 Inlet View Court, Bethany Beach, Delaware 19930 ("The Premises"). At all times material hereto, Plaintiff Evanston Insurance Company had in force and effect a policy of property insurance issued to the D'Amicos that provided insurance for The Premises, personal property and additional living expenses.

3. Defendant, Titeflex Corporation ("Titeflex"), is a Connecticut corporation with a principal place of business located at 603 Hendee Street, Springfield, Massachusetts, which maintains a registered agent at CT Corporation System, 1 Corporate Center, 11th Floor, Hartford, CT 06103-3220. At all times relevant hereto, Titeflex was in the business of manufacturing, designing and distributing, inter alia, corrugated stainless steel tubing used to transport natural gas and propane gas in residential homes.

4. At all times relevant hereto, Titeflex, was registered to conduct business in the State of Connecticut and maintains an agent for service within the State of Connecticut.

## JURISDICTION AND VENUE

5. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b), as the incident giving rise to this case occurred in this judicial district.

## COMMON ALLEGATIONS

7. The Premises included a gas distribution system which utilized corrugated stainless steel tubing ("CSST") to transport combustible gas to appliances located throughout the home.

8. The Premises also included a lightning protection system ("LPS").

9. The CSST installed in The Premises was manufactured by Defendant, Titeflex.

10. On or about August 26, 2012 a thunderstorm moved into the area of The Premises accompanied by rain and lightning.

11. During the August 26, 2012 thunderstorm, lightning hit at or near The Premises.

12. The energy from the lightning strike energized the CSST which perforated due to an electrical arc, releasing propane gas that was ignited from the heat of the melting/electrical event and causing a fire that substantially damaged The Premises and the D'Amico's real and personal property.

13. As a result of the fire, the D'Amicos made a claim to Evanston Insurance Company.

14. Pursuant to its policy of insurance, Evanston Insurance has reimbursed the D'Amicos, for those claims in the amount of $630,782.59.

15. As a result of the payments made by Evanston Insurance Company to the D'Amicos, Evanston Insurance Company is now legally, contractually and equitably subrogated to the rights of the D'Amicos to the full extent of its payments.

**COUNT ONE-NEGLIGENCE V. TITEFLEX**

16. Plaintiff incorporates the preceding paragraph as though the same were set forth at length herein.

17. Defendant, Titeflex, owed a duty to the users and consumers of the subject CSST to exercise reasonable care in the design, engineering, assembly, manufacture, selling and distribution of the CSST product.

18. The fire and resulting damages to the D'Amico's property were caused by the negligent acts and/or omissions of the Defendant, Titeflex, by and through its agents, servants,

subagents, employees and/or representatives, acting within the course and scope of their employment, both generally and in the following particulars:

    a. The CSST was in a defective and unreasonably dangerous condition;

    b. The Defendant designed, manufactured and sold the CSST in the condition that it knew, or should have known, subjected the property of others to the foreseeable and unreasonable risk of harm;

    c. Defendant designed and manufactured the CSST in a condition that was neither merchantable nor fit for the purpose for which such products are ordinarily and foreseeably used;

    d. Defendant failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of CSST;

    e. The Defendant failed to provide proper and adequate instructions regarding the proper installation of the CSST;

    f. Defendant failed to design the CSST so that foreseeable failures of the CSST and its components would not present a fire hazard;

    g. The Defendant negligently designed and manufactured the CSST;

    h. Defendant negligently certified and trained certified installers;

    i. Defendant negligently failed to notify or retrain and certify its certified installers relating to technical bulletins and changes in the recommended practice for installation of CSST relating to CSST failure due to lightning induced energy;

    j. The Defendant was negligent in failing to properly and adequately test the CSST prior to marketing it; and

    k. Otherwise failing to use due care as may be evidenced or discovered through the course of discovery;

19. As a direct and proximate result of the negligent acts and/or omissions of the Defendant, Titeflex, Plaintiff's insured suffered substantial losses in an amount in excess of $630,782.59.

WHEREFORE, Plaintiff, Evanston Insurance Company, demands judgment against the Defendant, Titeflex, in an amount in excess of $630,782.59 together with interest and the costs of this action and such other and further relief as this Court deems just and proper under the circumstances.

> Respectfully submitted,
>
> COZEN O'CONNOR
>
> */s/ Joseph J. Bellew*
> Joseph J. Bellew (#4816)
> 1201 North Market Street, Suite 1001
> Wilmington, DE  19801
> (P) 302.295.2000
> (F) 302.295.2013
> jbellew@cozen.com
>
> Attorneys for Plaintiff,
> Evanston Insurance Company

OF COUNSEL:

Lawrence F. Walker, Esquire
Cozen O'Connor
1900 Market Street
The Atrium – 3rd Floor
Philadelphia, PA  19103
(215)  665-2000
(215)  701-2120
lwalker@cozen.com