IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY as subrogee of THOMAS J. D'AMICO AND BECKY F. D'AMICO,<br><br>　　　　　Plaintiff<br><br>v.<br><br>TITEFLEX CORPORATION,<br><br>　　　　　Defendant. | Case No. 1:14-cv-00919-RGA<br><br>**JURY TRIAL DEMANDED** |

## JURY DEMAND

Defendant requests a trial by jury on all issues so triable.

## ANSWER TO COMPLAINT

Defendant TITEFLEX CORPORATION, GASTITE DIVISION ("Titeflex"), by and through its attorneys, Rawle and Henderson, LLP, hereby responds to the following correspondingly numbered paragraphs of the Complaint of Evanston Insurance Company ("Plaintiff") as follows:

## THE PARTIES

1.　　After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint ("Complaint") and therefore denies same.

2.　　After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint ("Complaint") and therefore denies same.

3.　　Admitted in part; denied in part. The allegations of this paragraph are denied as

7669333-1

conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, Titeflex admits that it was organized under the laws of the State of Connecticut but denies that its principal place of business is located in Springfield, Massachusetts. To the contrary, Titeflex's principal place of business is in Tennessee. By way of further response, Titeflex admits that Titeflex manufactures a type of corrugated stainless steel tubing ("CSST") sold under the Gastite brand, and that CSST is used to transport natural gas within structures, including residential structures. After reasonable investigation, Titeflex is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

   4. Titeflex admits the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

   5. Admitted in part; denied in part. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, Titeflex admits that the parties are diverse in citizenship under 28 U.S.C. §1332. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint..

   6. Admitted in part; denied in part. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, and without admitting that this venue is the most appropriate venue for this litigation, and without waiving its right to seek transfer under 28 U.S.C. § 1404, Titeflex admits that venue is proper in this district.

## **COMMON ALLEGATIONS**

7. Admitted in part; denied in part. Titeflex admits that at the time of the joint scene inspection, CSST was observed at the Premises. After reasonable investigation, Titeflex is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

8. Admitted in part; denied in part. Titeflex admits that at the time of the joint scene inspection, component parts of a lightning protection system were observed. After reasonable investigation, Titeflex is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

9. Admitted in part; denied in part. Titeflex admits that at the time of the joint scene inspection, CSST was observed at the Premises. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint

10. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies same.

13. After reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. After reasonable investigation, Titeflex is without knowledge and information

sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, after reasonable investigation, Titeflex is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

### COUNT ONE - NEGLIGENCE V. TITEFLEX

16. Titeflex incorporates by reference its responses to Paragraphs 1 to 15, inclusive, of the Complaint.

17. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, after reasonable investigation, Titeflex is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

18. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, Titeflex denies each and every allegation of Paragraph 18 of the Complaint and denies each and every subpart of Paragraph 18.

19. Denied. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent that the averments of this paragraph are deemed factual in nature, Titeflex denies the allegations of Paragraph 19 of the Complaint.

### AFFIRMATIVE DEFENSES OF TITEFLEX CORPORATION

1. Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

2. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

- 4 -

7669333-1

3. Plaintiff's claims are barred by comparative fault on the part of either Plaintiff or Insureds.

4. Plaintiff's damages, if any, should be proportionately barred or reduced under the doctrine of comparative fault for damages caused by any negligence, recklessness, willfulness, and wantonness by Insureds and/or Plaintiff.

5. Plaintiff and/or the Insureds have failed to properly mitigate damages.

6. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

7. Plaintiff's claims are barred in whole or in part because they were caused by an Act of God.

8. Plaintiff's claims are barred in whole or in part because they were a result of actions and/or omissions of others over whom Titeflex had no control.

9. Plaintiff's claims are barred in whole or in part by the abuse, misuse, or improper use of Titeflex's product by Insureds or by another party over whom Titeflex had no control.

10. Plaintiff's injuries or damages may have been due to or caused by modification or alteration of Titeflex's product by Insureds or by another party over whom Titeflex had no control.

11. Plaintiff's claims are barred in whole or in part due to superseding or intervening acts over which Titeflex had no control.

12. Plaintiff's claims are barred in whole or in part by the economic loss rule.

13. Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to support a claim upon which relief can be granted.

14. Titeflex denies the existence of any express warranty, other than the limited warranty provided with the Titeflex products.

7669333-1

15. Plaintiff's claims are barred because Titeflex specifically disclaimed all warranties, express or implied.

16. Titeflex did not install the gas piping system or its component parts in the subject property. If any negligence occurred or defect existed in connection with the gas piping system, such alleged defect or negligence was the result of improper installation of the gas piping system or its component parts for which Titeflex is not responsible.

17. There may be a lack of joinder of one or more indispensible parties who should or must be joined and, without the joinder of these parties, complete relief cannot be accorded among those already attempted to be made parties to this action.

18. Plaintiffs and/or Insureds, or those acting on Plaintiffs' or Insureds' behalf, have a duty to preserve the subject product and all components in the immediate post-incident appearance, condition, and function. Any alteration of the subject product constitutes a breach of Plaintiffs'/Insured's duty.

19. To the extent any of Plaintiff's claims are in the nature of strict product liability, Plaintiff's Complaint fails to set forth a claim under Delaware law.

20. Plaintiff's Complaint is barred and/or substantially limited by the contributory negligence of its insureds.

21. If Titeflex is found to be liable, it is not responsible for any damages that were caused by acts of God or other causes, acts or omissions over which Titeflex had no control.

22. Any product designed, manufactured or sold by Titeflex was designed, manufactured, sold and labeled in accordance with the prevailing state of the art at the time of design, manufacture, labeling or sale.

23. Titeflex has not yet completed its investigation of Plaintiffs' allegations and gives

notice of its intent to assert any further affirmative defenses that its information-gathering process may indicate are supported by fact and law. Titeflex thus reserves the right to amend this Answer to assert any such defenses, counterclaims and/or third-party complaints as may be appropriate pursuant to the applicable rules of law.

WHEREFORE, having fully answered Plaintiff's Complaint, Titeflex prays that Plaintiff take nothing by its Complaint, that the same be dismissed, and that this answering Defendant be awarded its costs of suit and attorney fees, and such other and further relief as the Court deems just.

Dated: August 28, 2014

Respectfully submitted,

RAWLE & HENDERSON LLP

By: /s/ George T. Lees, III
George T. Lees, III, Esquire (I.D. 3647)
300 Delaware Avenue, Suite 1105
P.O. Box 588
Wilmington, DE 19899-0508
Phone: (302) 778-1200
Facsimile: (302) 778-1400
Email: glees@rawle.com
Attorney for Defendant Titeflex Corporation, Gastite Division